MEMO ENDORSED





JAN 14 2008

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

January 11, 2008

Endorsement
Defendants are hereby granted permission to move to dismiss the complaint. Plaintiff may file his opposition papers no later than February 25, 2008 and defendants' reply, if any, shall be filed by March 10, 2008. So Ordered.
[signature] U.S.D.J.
1/14/08

Hon. Naomi R. Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Davis v. New York State Division of Parole, et al.*, Index #07-CV-5544

Dear Judge Buchwald:

This Office represents the New York State Division of Parole, former Assistant Attorney General Jonathan Saul, former Chairman Robert Dennison, Christopher Wrobleski, Parole Officer Patrice Brathwaite, and Parole Officer Toolchand Bisram (collectively the "State Defendants") in the above-captioned matter. Former Attorney General Eliot Spitzer, to our knowledge, has not been served in this matter and has not requested representation from this Office. This Office submits this letter on behalf of the State Defendants, pursuant to Your Honor's rules, setting forth briefly the basis of defendants' proposed motion to dismiss. Defendants respectfully request that the Court entertain a motion to dismiss which we believe may dispose of all or some of the issues in this case. State Defendants therefore also request that the Court set up a briefing schedule for the parties and a pre-motion conference.

For the purposes of the motion to dismiss, the State Defendants do not dispute the Plaintiff's version of the underlying facts. Plaintiff alleges that he was arrested by Defendants Brathwaite, Bisram, and Wrobleski pursuant to a parole violation warrant on April 14, 2004, and that he was therefore entitled to a preliminary parole revocation hearing not later than April 29, 2004, pursuant to New York Executive Law §259-i(3)(c)(i). Plaintiff also alleges that he was wrongfully deprived of his preliminary hearing, and that his efforts to win habeas corpus relief were, for a time, thwarted by Defendant Brathwaite, who he alleges submitted perjurious affidavits claiming that Plaintiff had waived his right to a preliminary hearing.[1]

[1] For the record, Defendant Brathwaite denies any wrong-doing and the transcript of the December 9, 2004 fact-finding hearing in Plaintiff's Bronx County habeas corpus litigation contradicts Plaintiff's claim that, at that hearing, Brathwaite confessed to forging Plaintiff's signature on a document in order to make it appear that he had waived his preliminary hearing.

Documents submitted by the Plaintiff demonstrate that Plaintiff adjourned his final parole revocation hearing seven times between May 21, 2004 and December 10, 2004, because a final declaration of delinquency pursuant to a final parole revocation hearing would have served to moot out the issue of whether Petitioner had received a timely preliminary hearing. *See* People ex rel. Frett v. Warden, 25 A.D.3d 472 (1st Dept. 2006).

The State Defendants believe that their motion to dismiss should be granted because:

(1) The eleventh amendment bars Plaintiff's §1983 claims against all Defendants sued in their official capacities. The Complaint is brought against each Defendant in the official and individual capacity. The Division of Parole is not a person, but is an agency of the State of New York, which has not consented to suit in federal court. Trotman v. Palisades Interstate Park Commission, 557 F.2d 35 (2d Cir. 1977). As Plaintiff seeks money damages from the Division of Parole, his claim against the Division of Parole must be dismissed. Indeed, to the extent that the State is the real party in interest, Plaintiff's claims must be dismissed against all the State Defendants. Farid v. Smith, 805 F.2d 917 (2d Cir. 1988). Also, specific State Defendants (namely Defendants Dennison, Saul, and Wrobleski) are clearly only sued as State, rather than individual, actors, and thus the eleventh amendment bars suit against them as well.

(2) The Plaintiff fails to state a claim, because he complains only of a violation of a state procedural requirement, New York Executive Law §259-i(3)(c)(i), which requires a preliminary parole revocation hearing within 15 days of the execution of a parole violation warrant. A violation of a state law, regulation, or procedure concerning parole revocation is not, in and of itself, a violation of the due process rights afforded under the United States Constitution. Holcombe v. Lykens, 337 F.3d 217 (2d Cir. 2003); Swiggett v. Duncan, 2004 WL 2912911 (S.D.N.Y. 2004). Therefore the injury of which Plaintiff complains cannot be remedied by a §1983 action.

(3) The actions of seeking a parole violation warrant and initiating parole revocation hearings are afforded absolute immunity from damages liability. Gathers v. White, 2007 U.S. Dist. LEXIS 9054 (E.D.N.Y. 2007). Also, government officials are entitled to qualified immunity where the facts do not show that a constitutional right has been violated and, in the alternative, where the facts show only the violation of a constitutional right that is not "clearly established." *See* Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); *See also* Conn v. Gabbert, 526 U.S. 286, 119 S.Ct. 1292 (1999).

(4) The Plaintiff has failed to allege the personal involvement of Defendants Wrobleski, Dennison, Saul, and Bisram in any alleged constitutional violation. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (*quoting* Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1977)). Taking all of the facts as alleged in the Complaint to be completely true, Plaintiff still fails to claim that these Defendants had any personal involvement in depriving him of his timely preliminary hearing. Therefore Plaintiff's claims against Defendants Wrobleski, Dennison, Saul, and Bisram must be dismissed.

We will be happy to address any questions the Court or Plaintiff may have regarding the proposed motion to dismiss.

Respectfully submitted,

Andrew Meier (212) 416-8305
Assistant Attorney General
Office of the NY State Attorney General
120 Broadway
New York, NY 10271

cc: George Davis
DIN 06-A-1168
Hale Creek ASACTC
PO Box 950
Johnstown, NY 12095-0950